IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIMOTHY SAMELLA                )
                               ) No. 20-121
    v.                         )

ANDREW SAUL,
COMMISSIONER OF SOCIAL
SECURITY

**OPINION AND ORDER**

**SYNOPSIS**

In this action, Plaintiff filed an application for social security disability insurance benefits and supplemental social security income. His application was denied initially and upon hearing by an Administrative Law Judge ("ALJ"). The Appeals Council denied his request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied.

**OPINION**

**I.      STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting

1

Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II.    THE PARTIES' MOTIONS

Upon consideration of the record, the ALJ arrived at a residual functional capacity ("RFC") that included, in pertinent part, the following limitations: "limited to understanding, remembering, and carrying out simple instructions and performing simple, routine tasks, such as those akin to requirements of work at the SVP 1 or SVP 2 levels."[1]  Before the ALJ posed hypotheticals to the vocational expert ("VE"), the following exchange occurred between the two:

---

[1] SVP refers to Specific Vocational Preparation, and differs from reasoning level.  "The DOT's explanation of SVP suggests that SVP relates to the vocational preparation required to perform a job and does not address

2

> Q; Do you understand, sir, if you do testify contrary to the DOT, you must identify that conflict and provide the basis for your testimony?
>
> A: Yes.
>
> Q: Similarly, do you understand if you address a point not addressed within the DOT you must identify that point and provide the basis for your testimony again?
>
> A: Yes.

The ALJ then posed hypothetical questions to the VE. The VE testified that a person with the limitations posed in the ALJ's hypothetical could perform, by way of example, the jobs of document preparer, polisher, and inspector. The VE testified that the availability of these jobs in the national economy was "over" 20,000, 2500, and 2500, respectively. The ALJ's decision states that he considered the VE's testimony regarding the three "representative occupations," and that "[p]ursuant to SSR 00-4p, I have determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles [("DOT")]."

SSR 00-4p provides as follows:

> When a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT. In these situations, the adjudicator will:
>
> . Ask the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT; and
>
> . If the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.

---

whether a job entails simple tasks, while the . . . GED reasoning level pertains to the complexity of a job." McHerrin v. Astrue, No. 09-2035, 2010 U.S. Dist. LEXIS 143061, at *18 (E.D. Pa. Aug. 31, 2010) (quoting Estrada v. Barnhart, 417 F. Supp. 2d 1299, 1302 n.3 (M.D. Fla. 2006).

Plaintiff contends that this case involves a potential conflict between the DOT and the VE testimony.[2] In particular, Plaintiff alleges that the ALJ's approach improperly left unexplored and unexplained a potential conflict between the DOT description of document preparer and the RFC's limitations. Document preparer is a reasoning level 3 job. DOT § 249.587-018; Dickson v. Saul, No. 19-248, 2019 U.S. Dist. LEXIS 189607, at *7 (W.D. Okla. Nov. 1, 2019). The applicable DOT section notes that reasoning level 3 references the need to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." DOT § 249.587-018.

When the record does not reflect an explanation for a potential inconsistency, a Court must still determine whether the ALJ's decision is supported by substantial evidence. Zirnsak v. Colvin, 777 F.3d 607, 617 (3d Cir. 2014). This determination includes an inquiry into the ALJ's treatment of potential conflicts between the DOT and VE testimony. See id. at 618.

In Collins v. Berryhill, No. 17-473, 2018 U.S. Dist. LEXIS 114081, at *8 (W.D. Pa. July 10, 2018), this Court noted a potential conflict between the job of document preparer and an RFC limiting Plaintiff to simple, routine tasks. There, the VE responded in the affirmative to the ALJ's statement, "do you understand if you do testify, contrary to the DOT you must point out the conflict and provide the basis for your testimony." Id. at *6. In addition, "Plaintiff's counsel asked the VE if someone had a marked limitation in carrying out even simple instructions would they be able to perform the unskilled jobs identified and the VE responded they would not." Id. at *8. I concluded that "there appear[ed] as though there may be a conflict which the ALJ did

---

[2] Courts have declined to remand when an ALJ failed to ask the VE to confirm DOT compatibility after the VE's testimony, when no conflict between the DOT and VE testimony was identified. See, e.g., Sorensen v. Berryhill, No. 16-3500, 2018 U.S. Dist. LEXIS 38908, at *13 (M.D. Fla. Mar. 9, 2018). In other cases, despite a potential conflict, courts have declined to remand when an ALJ did as the VE to confirm DOT compatability after the VE's testimony. See, e.g., Zirnsak, 777 F. 3d at at 617.

4

not address."³  Id.  Therefore, I found remand warranted, to allow for "an explanation as to how such apparent conflict is reconciled by the ALJ." Id. at **8-9.

As I noted in Collins, "[t]he Third Circuit has held that "there is no bright-line rule stating whether there is a per se conflict between a job that requires level 3 reasoning and a finding that a claimant should be limited to simple and routine work." Id. at **7-8.  Accordingly, courts may consider various factors in determining whether "any conflict [was] not so obvious that the ALJ should have pursued the question." Id. at 619.  These factors include whether the plaintiff's counsel identified inconsistencies at the hearing, whether the record supports plaintiff's ability to do the identified jobs, and whether the identified jobs were cited as merely representative or instead as the only available jobs.  Id. at 618-19.  However, there is a fine line between properly assessing the record and interpreting vocational evidence. As my sister Court has observed in a related context, "[t]he Court should not be interpreting vocational evidence in the first instance; that is the realm of a vocational expert." Meloni v. Colvin, 109 F. Supp. 3d 734, 741 (M.D. Pa. 2015).

With these principles in mind, I note that courts within this Circuit have observed that "it appears that jobs requiring a reasoning level of 3 are incompatible with a limitation to simple, routine or repetitive work." Ingram v. Colvin, No. 11-6002, 2015 U.S. Dist. LEXIS 73085, at *24 (E.D. Pa. Feb. 13, 2015).  In addition, relatedly, several courts have suggested that a reasoning level of 3 appears inconsistent with a limitation to short and simple instructions.  Cf., e.g., Keller v. Berryhill, 754 Fed. Appx. 193 at 196-97 (4th Cir. 2018) (unpublished); Karen Jean

---

³ In Byrd v. Berryhill, No. 18-40, 2019 U.S. Dist. LEXIS 32572 (W.D. Pa. Mar. 1, 2019), this Court declined to remand a case in which the VE testified to the availability of document preparer, and the ALJ's RFC limited the plaintiff to "performing simple, routine and repetitive tasks, but not at a production rate pace" and "simple work-related decisions." Id. at *6.  In that case, after the VE testified as to available jobs, the ALJ asked, "Now has your testimony been consistent with the DOT?" Id. at *6.  Under all of the circumstances present in that case, including the VE's affirmative statement that her testimony was consistent with the DOT, the ALJ was entitled to rely on the VE testimony. Id. at *7.

M. v. Saul, No. 19-2455, 2020 U.S. Dist. LEXIS 155499, at *3 (D. Kan. Aug. 27, 2020) (citing cases); Meloni v. Colvin, 109 F. Supp. 3d 734, 743 (M.D. Pa. 2015).

According to Plaintiff, the failure to properly address this potential conflict led to improper reliance on the availability of document preparer jobs, and was not harmless error. Generally speaking, 20,000 – the number of document preparer jobs to which the VE testified -- would be sufficient to support a finding of non-disability. Cf. Sanchez v. Comm'r Soc. Sec., 705 F. App'x 95, 99 (3d Cir. 2017) (indicating that 18,000 jobs sufficient). 5,000 jobs, however – the numbers available for polisher and inspector, per the VE -- might not be. See, e,g, Leonard v. Heckler, 582 F. Supp. 389 (M.D. Pa. 1983).

Under all of the circumstances, the Court is without sufficient information to allow the conclusion that the ALJ's decision is supported by substantial evidence, and remand is warranted to afford the ALJ the opportunity to further explore and/or explain any potential conflict between the DOT and the jobs identified by the VE. The VE offered the identified positions as "examples," and Plaintiff's counsel did not question the VE at the hearing. However, the ALJ found that Plaintiff had the severe impairment of traumatic brain injury/neurocognitive disorder, and concluded that Plaintiff was moderately impaired in understanding, remembering, or applying information, and markedly limited in concentration, persistence, or pace. The Court is not able to conclusively determine that the record supports Plaintiff's ability to perform a reasoning level 3 job. Likewise, the Court cannot evaluate which, if any, jobs would be available other than those identified by way of example, and in what numbers. Remand is warranted, to allow the ALJ to examine or reexamine whether the available jobs are consistent with all of the RFC's limitations, including the physical limitations identified therein, and

explain his findings and conclusions if any conflicts are revealed. The ALJ may, of course, conduct any proceedings on remand that he deems appropriate.

As a final matter, it bears emphasizing that today's decision is not intended to suggest that an ALJ must follow any particular format when discharging his duties under SSR 00-4p. I neither adopt nor suggest any bright line rules. Instead, today's decision reflects the applicable standards of review, a case-by-case approach, and the status of the particular record before the Court.

## CONCLUSION

For the foregoing reasons, the record does not comfortably permit a finding that the ALJ's decision is supported by substantial evidence. Plaintiff's Motion will be granted, Defendant's denied, and the matter remanded for further proceedings consistent with this Opinion. An appropriate Order follows.

BY THE COURT:

_/s/ Donetta W. Ambrose_

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: October 1, 2020

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIMOTHY SAMELLA                )
                                                ) No. 20-121
    v.

ANDREW SAUL,
COMMISSIONER OF SOCIAL
SECURITY

## ORDER

AND NOW, this 1st day of October, 2020, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED and Defendant's DENIED.  This matter is remanded for further proceedings consistent with the foregoing Opinion.

                                       BY THE COURT:

                                       */s/ Donetta W. Ambrose*
                                       _____

                                       Donetta W. Ambrose

                                       Senior Judge, U.S. District Court